UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 19-716-3 (RBK) |
| | : | |
| v. | : | 18 U.S.C. §§ 1035 and 2 |
| | : | |
| MICHAEL GOLDIS | : | SUPERSEDING INFORMATION |

The defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges:

## COUNTS 1-4

### (False Statements Relating to Health Care Matters)

1.      At all times relevant to this Superseding Information:

a.      Defendant MICHAEL GOLDIS was a doctor of osteopathy with a medical practice in Stratford, New Jersey.

b.      Richard Zappala was a pharmaceutical sales representative.

c.      In New Jersey, the State Health Benefits Program ("SHBP") offered medical and prescription drug coverage to qualified state and local government public employees, retirees, and eligible dependents.  The School Employees' Health Benefits Program ("SEHBP") offered medical and prescription drug coverage to qualified local education public employees, retirees, and eligible dependents.  SHBP and SEHBP each were "health care benefit programs" that affected commerce as defined in Title 18, United States Code, Section 24(b).

d.      "Pharmacy Benefits Administrator" provided pharmacy benefit management services for SHBP and SEHBP beneficiaries pursuant to a contract with the State of New Jersey.  Pharmacy Benefits Administrator also provided pharmacy benefit management services for beneficiaries of other insurance plans.  Pharmacy Benefits Administrator adjudicated

1

claims for reimbursement from pharmacies and paid pharmacies for valid claims. Pharmacy

Benefits Administrator then billed the State of New Jersey based on the amount paid to the

pharmacies for claims on behalf of SHBP and SEHBP beneficiaries and billed other insurance

plans based on the amount paid to the pharmacies for claims under other insurance plans.

Pharmacy Benefits Administrator was a "health care benefit program" that affected commerce as

defined in Title 18, United States Code, Section 24(b).

      e.     In general, compounding was a practice in which a licensed pharmacist

combined, mixed, or altered ingredients of one or more drugs in response to a prescription to

create a medication tailored to the medical needs of an individual patient. Compounded drugs

were not approved by the United States Food and Drug Administration ("FDA"); that is, the

FDA did not verify the safety, potency, effectiveness, or manufacturing quality of compounded

drugs.

      f.     Compounded drugs could be appropriately prescribed by a physician when

an FDA-approved medication did not meet the health needs of a particular patient. For example,

if a patient was allergic to a specific ingredient in an FDA-approved medication, such as a dye or

preservative, a compounded drug could be prepared excluding the ingredient that triggers the

allergic reaction.

      g.     "Compounding Pharmacy 1" was a pharmacy located in Louisiana that

prepared compounded medications. Compounding Pharmacy 1 received prescriptions for

compounded medications via fax from medical practices in New Jersey. Compounding

Pharmacy 1 would fill the prescription by preparing the compounded medication and mailing it

to the individual. Compounding Pharmacy 1 would bill Pharmacy Benefits Administrator for the

prescription and receive payment from Pharmacy Benefits Administrator.

2.      Richard Zappala learned that Pharmacy Benefits Administrator would reimburse thousands of dollars for one individual's one-month supply of certain prescription compounded medications, including compounded vitamin combinations, pain creams, scar creams, antifungal creams, and libido creams.

3.      Richard Zappala had an agreement to receive a percentage of the amount that Compounding Pharmacy 1 received from Pharmacy Benefits Administrator for prescriptions obtained by Richard Zappala and the people working with him.

4.      At the request of Richard Zappala, defendant MICHAEL GOLDIS signed printed prescription forms for Compounding Pharmacy 1 for individuals covered by SHBP and/or SEHBP, including Individuals 1, 2, 3, and 4, (a) without defendant MICHAEL GOLDIS having a doctor/patient relationship with the individuals, (b) without defendant MICHAEL GOLDIS determining that the individuals had a medical necessity for the compounded medication selected, (c) without defendant MICHAEL GOLDIS considering a non-compounded prescription or over-the-counter medication for the individuals, (d) without defendant MICHAEL GOLDIS seeing or evaluating the individuals, and (e) without defendant MICHAEL GOLDIS having evaluated whether the compounded medication would have any adverse effect on the individuals.

5.      Many of the Compounding Pharmacy 1 prescription forms signed by defendant MICHAEL GOLDIS, including the prescriptions for Individuals 1, 2, 3, and 4, contained the following statements under the prescriber signature block: "I have reviewed my patient's medical record(s) and determine the items I have ordered are medically necessary.  I verify I had a face to face examination with the above patient." Defendant MICHAEL GOLDIS made materially false statements when he signed the Compounding Pharmacy 1 prescription forms for individuals, including prescription forms for Individuals 1, 2, 3, and 4, because (a) the

3

individuals were not his patients, (b) he did not review the patients' medical records, (c) he did

not determine the items he ordered were medically necessary, and (d) he did not have a face-to-

face examination with the patients.

      6.      Richard Zappala paid $4,700 to defendant MICHAEL GOLDIS to induce him to

sign and reward him for signing prescriptions for compounded medications, including a check

for $1,000 on or about July 7, 2015, and a check for $1,000 on or about October 9, 2015.

      7.      After defendant MICHAEL GOLDIS signed the prescriptions, the completed

prescriptions were sent in interstate commerce via fax from the office of defendant MICHAEL

GOLDIS in New Jersey to Compounding Pharmacy 1 in Louisiana, which then filled the

prescriptions and billed Pharmacy Benefits Administrator.

      8.      For all prescriptions for compounded medications signed by defendant

MICHAEL GOLDIS at the request of Richard Zappala, Pharmacy Benefits Administrator paid

approximately $992,326.62.

      9.      On or about the dates specified below, in the District of New Jersey, and

elsewhere, defendant

MICHAEL GOLDIS

in a matter involving a health care benefit program, did knowingly and willfully falsify, conceal,

and cover up by trick, scheme, and device a material fact, and make materially false, fictitious,

and fraudulent statements and representations, and make and use materially false writings and

documents knowing the same to contain materially false, fictitious, and fraudulent statements

and entries, in connection with the delivery of and payment for health care benefits, items, and

services:

4

| Count | Date | False statement |
|---|---|---|
| 1 | 7/6/2015 | MICHAEL GOLDIS signed a prescription for Individual 1 falsely stating that Individual 1 was his patient, that he had examined Individual 1's medical records, that he had determined that the items ordered were medically necessary, and that he had had a face to face examination with Individual 1. |
| 2 | 7/7/2015 | MICHAEL GOLDIS signed a prescription for Individual 2 falsely stating that Individual 2 was his patient, that he had examined Individual 2's medical records, that he had determined that the items ordered were medically necessary, and that he had had a face to face examination with Individual 2. |
| 3 | 10/9/2015 | MICHAEL GOLDIS signed a prescription for Individual 3 falsely stating that Individual 3 was his patient, that he had examined Individual 3's medical records, that he had determined that the items ordered were medically necessary, and that he had had a face to face examination with Individual 3. |
| 4 | 10/9/2015 | MICHAEL GOLDIS signed a prescription for Individual 4 falsely stating that Individual 4 was his patient, that he had examined Individual 4's medical records, that he had determined that the items ordered were medically necessary, and that he had had a face to face examination with Individual 4. |

In violation of Title 18, United States Code, Section 1035, and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

1.    As a result of committing the offenses alleged in this Information, defendant MICHAEL GOLDIS shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including but not limited to a forfeiture money judgment in the amount of $4,700 representing all property constituting or derived from proceeds traceable to the commission of the offense to which he is pleading guilty.

2.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third person;

      c.   has been placed beyond the jurisdiction of the Court;

      d.   has been substantially diminished in value; or

      e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

CRAIG CARPENITO
United States Attorney

6